CLARENCE T. JOHNSON ET AL., APPELLEES, v. SCHOOL DISTRICT No. 101, APPELLANT.

FILED MARCH 30, 1918.   No. 20320.

1. **Statutes:** AMENDMENT: CONSTITUTIONAL PROVISIONS. Chapter 121, Laws 1915, which amends section 6942, Rev. St. 1913, is germane to the subject of that section, and, as it contains the section so amended and repeals the original section, it complied with the Constitution in that regard.

2. ———: ———: ———. Section 1, ch. 121, Laws 1915, is also germane to the act amended, and is valid.

APPEAL from the district court for Saunders county: EDWARD E. GOOD, JUDGE. *Reversed.*

*Charles H. Slama,* for appellant.

*A. Z. Donato, contra.*

SEDGWICK, J.

A petition praying for a change of school district boundaries was presented by school district No. 101 of Saunders county, acting through its trustee, to the board of county commissioners, the county superintendent and the county clerk of that county, under the provisions of chapter 121, Laws 1915. The petition set forth that the district maintained a graded school of twelve grades and had an area of less than six sections of land. The plaintiffs, who are taxpayers and legal voters in two of the school districts affected, prosecuted a petition in error to the district court, assigning that the board erred in failing to give notice of the petition, in failing to set a day for a hearing and to give notice of the same to the landowners or legal voters of the school districts affected, and that the board erred in assuming jurisdiction in the matter. The district court found that the board was without jurisdiction because the act is in contravention of section 11, art. III of the Constitution of the state of Nebraska,

which provides: "No law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed." The action of the board was reversed and the petition dismissed.

It is conceded by both parties that the only question presented is the constitutionality of the act of 1915. The district court so regarded it, and held that the act was unconstitutional. The main purpose of the act of 1915 was to amend section 6942, Rev. St. 1913. That section, among many other things, provides for allowing children of one district to attend school in another when they reside at a great distance from the school in their own district and much nearer to the school in an adjoining district. That section is stated in the title of the act to be amended and repealed, and the section as amended is incorporated in full in the new act. The new act changes the purport of the section entirely. It provides: "Districts contiguous to each other may unite and form one consolidated district in the manner following." It then proceeds to provide for changing the boundaries of contiguous districts, and as this would ordinarily remedy the evil that was aimed at in the original section by putting the residence of the scholars in the district that had the schoolhouse nearer to their residence, so that it would not any longer be necessary to transfer scholars in one district so as to attend school in another, the new act is germane to the section amended. The first section of the act, which provides for changing the boundaries of very small districts containing less than six sections of land, is as much germane to the old section 6942 as the remainder of the new act is, and can be supported upon that ground; that is to say, if section 1 had been inserted as a clause or a subdivision of the new act, it would have been germane to section 2, and so would have been as much germane to the original section 6942 as any part of the new act would be. One purpose of the new

act was to amend section 6942 by making a more rational way of bringing scholars nearer to the school that they are required to attend, and so was germane to the section amended and repealed, and section 1 was also germane to the original section.

It follows that the act does not violate any provision of the Constitution, and the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.